# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Terry D. Eddy, | ) | Civil Action No. 2:10-02892-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Terry D. Eddy ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Bruce H. Hendricks, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C.

On December 29, 2011, the Magistrate Judge issued a Report in which she concluded that the findings of the Administrative Law Judge (the "ALJ") were supported by substantial evidence and, as a result, recommended that the decision of the Commissioner be affirmed. (ECF No. 18.) Plaintiff filed objections to the Report on January 17, 2012, to which the Commissioner filed a reply on February 3, 2012. (ECF Nos. 19 & 21.) For the reasons set forth below, the court **ACCEPTS** the Report of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 54 year old woman, who suffers from high blood pressure, bad knees, anxiety, Hepatitis C, and diabetes. (ECF No. 12-2, p. 26; ECF No. 12-6, pp. 6, 37, 59.) She has

a tenth grade education and has past relevant work experience as a cook.  (Id. at pp. 26, 28-29.)
Plaintiff filed her most recent application for supplemental security income benefits on April 23,
2007, alleging that she became unable to work on September 1, 2003.  (ECF No. 12-5, p. 4.)
The application was denied initially on August 2, 2007, upon reconsideration on December 6,
2007, and in a decision issued by the ALJ on November 10, 2009.  (ECF No. 12-4, pp. 2-7; ECF
No. 12-2, pp. 10-20.)  The ALJ found that Plaintiff was not disabled as defined by the Social
Security Act and was therefore not entitled to supplemental security income benefits.  (ECF No.
12-2, p. 20.)   In reaching this decision, the ALJ concluded that based on Plaintiff's age,
education, work experience, and residual functional capacity, she was capable of performing
work that exists in significant numbers in the national economy.  (Id.)

The Appeals Council affirmed the decision of the ALJ and that decision became the
"final decision" of the Commissioner on October 18, 2010.  (ECF No. 12-2, pp. 2-6.)  On
November 8, 2010, Plaintiff commenced this action to review the Commissioner's denial of
benefits.  (ECF No. 1.)

## II.    LEGAL STANDARD AND ANALYSIS

### A.    Standard

The Magistrate Judge makes only a recommendation to this court.  The recommendation
has no presumptive weight.  The responsibility to make a final determination remains with this
court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only
those portions of a magistrate judge's report and recommendation to which specific objections
are filed, and reviews those portions which are not objected to—including those portions to
which only "general and conclusory" objections have been made—for clear error.  Diamond v.

2

Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157-58.

**B.     Plaintiff's Objections**

Objections to the Report must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n. 4

(4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff generally objects to the finding in the Magistrate Judge's Report that substantial evidence supports the Commissioner's final decision that Plaintiff retained the residual functional capacity to perform unskilled light work and was not under a disability as defined in the Social Security Act. (ECF No. 13, p. 1.) More specifically, Plaintiff asserts that the Magistrate Judge's Report, in concurring with the Commissioner's final decision, was "based on improper conclusions which do not accurately reflect or properly evaluate the medical evidence." (ECF No. 19, pp. 2-3.) Plaintiff further asserts that the Magistrate Judge's Report failed to examine the entire record as required by Randall v. Sullivan, 956 F.2d 105 (5th Cir. 1992); Forsythe v. Sullivan, 926 F.2d 774, 775 (9th Cir. 1991); and Gold v. Sec'y of Health, Educ. & Welfare, 463 F.2d 38, 41 (2d Cir. 1972). (Id. at p. 3.) Based on the foregoing, Plaintiff asks the court to not adopt the Magistrate Judge's Report and, further, asks the court to reverse the decision of the ALJ and the Commissioner. (ECF No. 19, pp. 3-4.)

In response to Plaintiff's objections, the Commissioner contends that Plaintiff merely "repeats the same arguments she made in her initial brief." (ECF No. 21, p. 1.) Moreover, these arguments, including any alleged error associated with the consideration of Plaintiff's hand problems, "were already addressed in the Magistrate Judge's well-reasoned and thorough Report

4

. . . ." (Id. at pp. 1-2.)  The Commissioner further contends that "the ALJ's decision finding Plaintiff not disabled [was] supported by substantial evidence and [was] free of reversible error." (Id. at p. 3.)  Therefore, the Commissioner asks the court to adopt the Magistrate Judge's Report. (Id.)

Upon consideration of Plaintiff's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including her evaluation of the medical evidence, in reaching the conclusion that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the Social Security Act.  In this regard, Plaintiff's claim for supplemental security income benefits fails because she lacked objective medical evidence to support her disability claim despite her numerous medical problems.  Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983) (The Plaintiff bears the burden of proving a disability within the definition of the Social Security Act).  Therefore, based upon the foregoing, the court finds that Plaintiff's objections to the Magistrate Judge's Report are without merit.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court accepts the Magistrate Judge's Report and Recommendation incorporating it by reference, and affirms the final decision of the Commissioner denying Plaintiff's claim for supplemental security income benefits.

**IT IS SO ORDERED**.

*J. Michelle Childs*

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

March 28, 2012
Greenville, South Carolina

5